## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 25 2016, 7:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Steven Knecht
Vonderheide & Knecht, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Terik C. Prater,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 25, 2016

Court of Appeals Case No.
08A02-1602-CR-406

Appeal from the Carroll Superior Court

The Honorable Kurtis G. Fouts, Judge

Trial Court Cause No.
08D01-1507-F6-59

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Terik C. Prater (Prater), appeals his conviction for dissemination of matter harmful to minors, a Level 6 felony, Ind. Code § 35-49-3-3(a)(1).

We affirm.

## ISSUE

Prater raises one issue on appeal, which we restate as follows: Whether the State presented sufficient evidence to support his conviction for dissemination of matter harmful to minors.

## FACTS AND PROCEDURAL HISTORY

In May of 2015, sixteen-year-old T.M. was living in her great uncle's house, along with her father and younger siblings, in Flora, Carroll County, Indiana. Prater, who lived approximately one block away from T.M., was friends with T.M.'s father. In addition, Prater's children are close in age to T.M.'s siblings. Thus, Prater and his family frequently interacted with T.M. and her family. At the time, T.M.'s father did not have a working phone, so Prater communicated with T.M.'s father via T.M.'s cellphone.

On the morning of May 18, 2015, T.M. checked her cellphone and discovered that between 12:35 a.m. and 2:44 a.m., Prater had sent her a series of sexually explicit messages—including multiple photographs of his erect penis, using the Facebook Messenger application. T.M., who "was shocked and scared,"

informed her father about the messages. (Tr. p. 15). On May 19, 2015, T.M.'s father reported the matter to the Flora Police Department. The Chief of Police, Paul Redmon (Chief Redmon), interviewed T.M. and obtained a copy of the messages and photographs from T.M.'s cellphone.

On May 20, 2015, at approximately 9:15 a.m., Chief Redmon and two representatives from the Indiana Department of Child Services arrived at Prater's residence. Prater's wife answered the door and allowed the trio inside. Prater, after receiving his *Miranda* warnings and signing a form to acknowledge that he was advised of his rights, agreed to speak with Chief Redmon.[1] Chief Redmon informed Prater about T.M.'s report that he had sent her sexually explicit messages and photographs. Prater explained that he typically sent messages of a sexual nature and nude photographs to his wife and other women as a means of relieving stress, but he denied that he sent any such messages to T.M. When Chief Redmon began reading the content of the messages aloud, Prater's "wife became upset and left the room." (Tr. p. 30). Prater eventually admitted that he did send the explicit messages to T.M., although he also indicated that it was done accidentally.

On July 31, 2015, the State filed an Information, charging Prater with Count I, dissemination of matter harmful to minors, a Level 6 felony, I.C. § 35-49-3-3(a)(1); and Count II, distribution or exhibition of obscene matter, a Class A

---

[1] Chief Redmon unsuccessfully attempted to record the interview using his iPhone.

misdemeanor, I.C. § 35-49-3-1(2). On October 7, 2015, Prater entered into a plea agreement with the State, pursuant to which he agreed to plead guilty to Count I in exchange for the State's dismissal of Count II. The plea agreement left sentencing to the discretion of the trial court, with the stipulation that the trial court would not impose an executed term in excess of two years. However, on October 29, 2015, Prater moved to withdraw his guilty plea, which the trial court granted over the State's objection.

[8] On December 29, 2015, the trial court conducted a jury trial. During the State's case-in-chief, T.M. testified, in part, that she had been present during a conversation between her father and Prater, in which her father specifically informed Prater that T.M. was only sixteen years old. Chief Redmon also testified as to Prater's admissions made during his interview, and the State offered a copy of the messages and photographs into evidence. During his case-in-chief, Prater testified that he had no recollection of his interview with Chief Redmon at 9:15 a.m. on May 20, 2015, "because "[i]t was very early in the morning and I was not comprehensive." (Tr. p. 46). However, he claimed that he never admitted that he sent the messages to T.M. Instead, Prater testified that he intended to send the messages and photographs to another female friend, but he stated that he "was having problems with my phone. And plus I had been consuming a lot of alcohol in the night." (Tr. p. 45). At the close of the evidence, Prater moved for a directed verdict on Count II, which the trial

court granted.[2] Thereafter, the jury returned a guilty verdict for Count I, and the trial court entered a judgment of conviction on the same. On January 25, 2016, the trial court held a sentencing hearing and ordered Prater to execute two and one-half years in the Indiana Department of Correction.

[9] Prater now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[10] Prater claims that the State presented insufficient evidence to support his conviction for dissemination of matter that is harmful to minors as a Level 6 felony. When reviewing whether there is sufficient evidence to uphold a criminal conviction, our court does not reweigh evidence or assess the credibility of witnesses. *Melton v. State*, 993 N.E.2d 253, 255 (Ind. Ct. App. 2013), *trans. denied*. "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* (quoting *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009)). We will affirm the conviction so long as "there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt." *Id.*

---

[2] Indiana Code 35-49-3-1(2) provides that "[a] person who knowingly or intentionally . . . offers to distribute, distributes, or exhibits to another person obscene matter . . . commits a Class A misdemeanor." The charging Information alleged only that Prater "knowingly or intentionally *distribute[d]*" photographs of his erect penis to T.M. (Appellant's App. p. 10) (emphasis added). "Distribute" is statutorily defined as "to transfer possession for a consideration[,]" and in the present case, there was no evidence presented that Prater transferred the explicit photographs to T.M. in exchange for any consideration. I.C. § 35-49-1-2.

Indiana Code section 35-49-3-3(a)(1) provides that "a person who knowingly or intentionally . . . disseminates matter to minors that is harmful to minors . . . commits a Level 6 felony." "Matter" includes, in part, any "printed or written material" or any "picture, drawing, photograph, motion picture, digitized image, or other pictorial representation." I.C. § 35-49-1-3(1)-(2). "Matter" will be considered "harmful to minors" if:

> (1) it describes or represents, in any form, nudity, sexual conduct, sexual excitement, or sado-masochistic abuse;
> (2) considered as a whole, it appeals to the prurient interest in sex of minors;
> (3) it is patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable matter for or performance before minors; and
> (4) considered as a whole, it lacks serious literary, artistic, political, or scientific value for minors.

I.C. § 35-49-2-2. Additionally, in this case, Prater was alleged to have disseminated sexually explicit messages to T.M. via Facebook Messenger. The statute governing the dissemination of matter harmful to minors

> does not apply if a person disseminates, displays, or makes available the matter [that is harmful to minors] through the Internet, computer electronic transfer, or a computer network unless:
> (1) the matter is obscene under [Indiana Code section] 35-49-2-1;
> (2) the matter is child pornography under [Indiana Code section] 35-42-4-4; or
> (3) the person distributes the matter to a child less than eighteen (18) years of age believing or intending that the recipient is a child less than eighteen (18) years of age.

I.C. § 35-49-3-3(b).

[12] Prater concedes that there is sufficient evidence to establish that he disseminated matter that is harmful to minors to T.M. by sending "photos of [his] erect penis[] and texts involving explicit suggestions about what [he] wanted to do to and with [T.M.]." (Appellant's Br. p. 11). On appeal, he contends that the State failed to prove that he did so knowingly or intentionally as required by Indiana Code section 35-49-3-3(a)(1). Instead, he argues that the evidence reveals that he intended to send the explicit messages to another female.

[13] "Intent is a mental state of the actor, and as such, the trier of fact must resort to reasonable inferences based upon examination of the surrounding circumstances to determine intent. Circumstantial evidence is sufficient if an inference may reasonably be drawn from that evidence which supports the verdict." *Mitchell v. State*, 557 N.E.2d 660, 664 (Ind. 1990) (citation omitted). The State argues that Prater's intent to send the explicit messages and photographs to T.M. can be inferred from the "preliminary, non-explicit chitchat before Prater sent the first explicit photograph" because it "strains credulity to think that one party to a message series would continue to send a lengthy train of messages while remaining unaware of who the replying party was." (State's Br. p. 9). However, because State's Exhibit 1, which contains a copy of the messages and photographs disseminated, was not submitted to our court, we are unable to review the messages for any context that would indicate Prater's intent as to the recipient of his messages.

[14] Nevertheless, considering the evidence available, we find ample support for the jury's finding that Prater knowingly or intentionally disseminated his messages to T.M. The record reveals that several hours prior to sending the first sexually explicit message, Prater and T.M. exchanged innocent messages on Messenger for T.M. to relay to her Father. According to both T.M. and Chief Redmon, when individuals communicate via Facebook Messenger, the name and photograph of the other person are displayed "beside the message." (Tr. p. 23). Thus, Prater would have been able to clearly see that he was communicating with T.M. prior to transmitting the explicit messages. Moreover, our court does not reweigh evidence, and it was well within the province of the jury to discredit Prater's testimony that he meant to send the messages to another woman but that his malfunctioning phone and alcohol consumption somehow caused him to inadvertently send the messages to T.M. *See Melton*, 993 N.E.2d at 255.

[15] Finally, noting that the messages were disseminated via the Internet (*i.e.*, Facebook Messenger), Prater also asserts that the State failed to prove that he sent the messages to a child less than eighteen years of age with the belief that the recipient is less than eighteen years of age. *See* I.C. § 35-49-3-3(b)(3). Again, he argues that the State failed to "rebut [his] contention that he had intended to instead send the message(s) to another recipient." (Appellant's Br. p. 13). Pursuant to Indiana Code section 35-49-3-3(b)(3), the statute governing the dissemination of matter harmful to minors does not apply for messages transmitted over the Internet unless "the person *distributes* the matter to a child

less than eighteen (18) years of age believing or intending that the recipient is a child less than eighteen (18) years of age." (emphasis added). As previously noted, Prater cannot be said to have "distribute[d]" matter to T.M. because he did not transfer the photographs/messages in exchange for consideration. *See* I.C. § 35-49-1-2. Nonetheless, an individual may still be liable under Indiana Code section 35-49-3-3 for disseminating matter via the Internet if the State establishes either that the matter is obscene or that the matter is child pornography. I.C. § 35-49-3-3(b)(1)-(2). As Prater does not assert that the State failed to prove either that the matter is considered obscene or that the matter constitutes child pornography, we find that he has waived this argument for appeal. *See* Ind. Appellate Rule 46(A)(8)(a).

## CONCLUSION

Based on the foregoing, we conclude that the State presented sufficient evidence to support Prater's conviction for dissemination of matter that is harmful to minors.

Affirmed.

Bailey, J. and Barnes, J. concur